IN THE UNITED STATES DISTRICT COURT

Cert. Mail # 7003 3110 0006 1297 0862

RENE TELLIER

_____
(Full Name under which you were convicted)

32515-054
(Prison Number)

USP Allenwood
(Place of Confinement)

Docket No. 10-2165

(To be supplied by Clerk)

---

## PETITION FOR WRIT OF HABEAS CORPUS
## PURSUANT TO 28 U.S.C. §2241
## BY A PERSON IN FEDERAL CUSTODY

FILED
OCT 2 1 2010
PER _____ DEPUTY CLERK

RENE Tellier , Petitioner
(Full Name under which you were convicted)

vs.

Warden R. Martinez
Box 3500 , Respondent
(Name of Warden, Superintendent, Jailor, or
authorized person having custody of petitioner)
White Deer PA 17887

---

(This form is not to be used if petitioner claims that his federal sentence itself is unlawful. If a petitioner wishes to attack his federal sentence, he or she should file a motion under 28 U.S.C. §2255 to vacate, set aside or correct sentence in the federal court which entered judgment.)

Rev 1/96

# PETITION

I. **GENERAL INFORMATION**

A. Subject of Petition:

___ Denial of parole
___ Revocation of parole
___ Disciplinary matter
___ Revocation of good time credits
___ Detainer
___ Other (describe briefly the type of decision or action involved):
Petitioner challenges his illegal detention based on bogus grand jury transcripts and bogus indictment.

B. Place of confinement _USP Allenwood_

C. Petitioner's institutional address _BOX 3000 white Deer PA 17887_

D. If you are in custody under a conviction and sentence, complete the following:

1. Nature of offense _18 USC 1962, 1951, 924(c)_

2. Name and location of Court which imposed sentence _U.S. D.C SD NY NYC 10007_

3. Case or docket number _92 Cr. 869 (MGC)_

4. Date of conviction _MARCH 3, 1994_

5. Date of sentence _12/29/94_

6. Length of sentence _Life imprisonment_

7. Did you appeal the conviction? Yes (✓) No ( )

a. First appeal:
Court: _2nd. Circ._
Grounds: _Prosecutorial Miaconduct_
_Jurisdiction_

Result: _Affirmed_
Date: _May 10, 1996_
_1996 US App. Lex 10932_

b. Second appeal:
Court:_____

Grounds:_____
_____
_____
Result:_____
Date:_____

8.  Have you challenged the sentence in any other post conviction proceeding?
Yes (✓) No ( )

Court: US DC SD NY
Grounds: INEFFECTIVE COUNSEL
          PROSECUTORIAL MISCONDUCT

Result: AFFIRMED
Date: 9-20-06

E.  If you have not been convicted, complete the following:

1.  Nature of charge(s): _____
_____
_____

2.  Name and location of court(s) in which charge(s) is/are pending: _____
_____
_____

3.  Case number(s): _____

4.  Date of your arrest or confinement: _____

## II.  SUBJECT OF THIS PETITION

A.  Indicate the type of decision or action which you are challenging:

___ Denial of parole
___ Revocation of parole
___ Disciplinary matter
___ Revocation of good time credits
___ Detainer
✓ Other (describe briefly the type of decision or action involved): IA
    illegal detention (see Above)
_____

B.  Who made the decision or took the action? _____

Rev 8/96

C.    Date of decision or action _____

D.    Was there a hearing of any kind?  Yes ( )  No ( )

    1.    <u>First Hearing</u>
        Date:_____
        Location: _____
        Conducted by:_____
        Result:_____
        _____

    2.    <u>Second Hearing</u>
        Date:_____
        Location: _____
        Conducted by:_____
        Result:_____
        _____

E.    Were you represented by counselor by a staff representative at any hearing?
        Yes ( )  No ( )

    If yes, give name and address _____
    _____

## III.    <u>PREVIOUS APPEALS/ADMINISTRATIVE REMEDY PROCEDURES</u>

A.    If your claim concerns a **parole** matter (for example, denial, modification, or revocation of parole), complete the following:

    1.    Did you appeal the decision to the Regional Commissioner?
        Yes ( )  No ( )

        a.    Date of filing appeal_____
        b.    Grounds raised:_____
               _____

        c.    Result and date:_____
               _____
               _____

kcv 8/96

    2.     Did you appeal the decision to the National Appeals Board/U.S. Parole Commission?   Yes ( ) No ( )

        a.     Date of filing appeal_____
        b.     Grounds raised:_____
                         _____
                         _____

        c.     Result and date:_____
                         _____
                         _____

B.    If your claim concerns something other than parole, (for example, a disciplinary matter), complete the following about the administrative remedy procedures (See C.F.R. §542.10)

    1.     Did you attempt to resolve your complaint informally?   Yes ( )  No ( )

    2.     Did you file a formal complaint?  Yes ( )  No ( )

    3.     Did you appeal to the Warden?  Yes ( )  No ( )

    4.     Did you appeal to the Regional Commissioner? Yes ( )  No ( )

    5.     Did you appeal to the General Counsel?  Yes ( )  No ( )

    6.     If you did not use the Administrative Remedy Procedure, explain why you did not do so _____
                        _____
                        _____
                        _____

C.    Attach copies of your incident report or parole rationale (where appropriate), your request(s) for an administrative remedy and the response(s) you received.  If you cannot do so, explain why not _____
    _____
    _____

D.    Have you filed any previous lawsuit(s) related to your present claim? Yes ( ) No ( )

    1.     Name and location of Court:_____
    2.     Date of filing:_____
    3.     Case number:_____
    4.     Nature of suit:_____
    5.     Grounds raised:_____
                         _____

    6.     Result and Date:_____
                         _____

IV.    GROUNDS FOR RELIEF

State concisely every ground on which you claim that you are being held unlawfully.  Summarize
briefly the facts supporting each ground.  It is not necessary to cite cases of law in this petition.
However, if you wish to cite cases or law, you should do so in a separate memorandum or brief.  If
necessary, you may attach extra page(s) of facts supporting your grounds for relief.

A.    Ground One:___SEE  ADDENDUM_____

Supporting FACTS (tell your story briefly without citing cases or law)._____
_____SEE  ADDENDUM_____
_____
_____
_____
_____
_____
_____

B.    Ground Two:_____

Supporting FACTS (tell your story briefly without citing cases or law)._____
_____
_____
_____
_____
_____
_____
_____
_____

C.    Ground Three:_____

Supporting FACTS (tell your story briefly without citing cases or law)._____
_____
_____
_____
_____
_____
_____
_____

D.    Ground Four:_____

Supporting FACTS (tell your story briefly without citing cases or law)._____
_____
_____

Rev. 4/96

_____
_____
_____
_____
_____

V.    REQUEST FOR RELIEF

State here exactly what you want the court to do for you.

SEE ADDENDUM AT PAGE _____
_____
_____
_____
_____
_____
_____

VI.   DECLARATION UNDER PENALTY OF PERJURY

I, the undersigned, declare (or certify, verify, or state) under penalty of perjury, that I am the petitioner in the above action, that I have read the above petition and that the information contained therein is true and correct. 28 U.S.C. §1746; 18 U.S.C. §1621.

Signed this _8th_ day of _October_ _2010_

_____
(Signature of Petitioner)


_____
(Signature of lawyer, if any)



PETITIONER TELLIER'S ADDENDUM TO HIS
28 USC SECTION 2241 MOTION

GROUND ONE:  Whether the government, in part or in whole, circumvented the grand jury process by forgery of grand jury transcripts and forgery of grand jury indictment against Petitioner causing the grand jury process to be fundamentally unfair resulting in a void indictment and illegal detention of Petitioner?

FACTS:   The government included Dominic Devito's name on its lengthy witness list which named approximately five hundred individuals.  Petitioner advised his court-appointed lawyer that Devito should be located and interviewed because he would provide exculpatory testimony about the Smith homicide which would undermind the government's star witness' credibility, namely William D'Angelo--Petitioner's cousin.  Counsel stated that the government would produce Devito during the trial and at that point he would have an opportunity to elicit the exculpatory information from him.   Needless to say, the government never produced Devito at the trial.

As a result, petitioner made a motion for the production of Devito's grand jury testimony.  The government argued that although Devito gave exculpatory statements during a law enforcement interview, he was later neutralized at the grand jury where his story allegedly changed about the Smith homicide.  Because there were many discovery abuses by the government during the trial, Petitioner asked Judge Cedarbaum to inspect, in camera, the grand jury minutes in order to determine whether the transcripts should be released to him.  The Court ordered the government to produce Devito's testimony for her inspection.  Later the same day, the Court inspected and ruled that Devito's grand jury mintues would not be released to petitioner (1) because neither the defense nor the government called Devito as a witness; (2) because Petitioner knew of Devito's identity; and (3) because Devito was neutralized at the grand jury where he changed his story.

DIRECT APPEAL

On Direct appeal, the second circuit held that the district court did not commit error when it denied Petitioner's motion for the production of Devito's grand jury minutes.  See United States v. Tellier,  1996 U.S.  App. Lexis 10932 (2d Cir. 1996)(unpublished summary order)(holding that the government had no [o]bligation to turn over Devito's

[g]rand jury testimony to the defense.

SECTION 2255 MOTION

Petitioner secured an affidavit from Dominic Devito (Dominic Devito Aff., Exhibit 1) who declared that he was served with a grand jury subpoena by an FBI Agent and NYPD Sergeant.  When the FBI Agent and NYPD Sergeant could not manipulate Devito to make inculpatory statements about the Smith homicide and other matters pertaining to the Telliers, they threatened to arrest him if he did not show up for the grand jury proceeding on the date specified on the subpoena.

According to Devito, he travelled to the courthouse in the Southern District of New York and reported to the Grand Jury Section.  A government attorney briefly spoke to Devito explaining that there was no grand jury panel available to take his testimony for that day, but offered him two options which were (1) he could return on a different day, or (2) he could undergo a prosecutorial deposition that day which would preclude his future appearance before the grand jury.  Devito consulted with his attorney on the matter and then decided to be deposed by the government rather than re-travel the long distance for a grand jury appearance which could possibly be cancelled all over again.  (See Devito Aff. Exhibit 1).  Once inside the depoition room, Devito said he was deposed by the government attorney about the Smith homicide in which he exculpated Rene Tellier from the murder but inculpated D'Angelo.  The prosecutor pressed Devito on other possible criminal offenses allegedly committed by the Tellier Organization.  A stenographer recorded the deposition testimony.

Peitioner filed the Devito affidavit in the District Court in support of his Motion for relief pursuant to Section 2255.  The Court denied the motion, holding: "The only statement by Devito to which Petitioner has previously referred in challenging his conviction was made in regard to the Smith homicide.  To the extent that Petitioner is referring to this statement, which was contained [in] the "Grand Jury Minutes", Petitioner's claim was already raised and denied on direct appeal.  United States v. Tellier, 196 U.S. App. Lexis 10932 (2d Cir 1996)(unpublished summary order)(holding that the government had no obligation to turn [o]ver Devito's grand jury testimony to the defense)." (emphasis added).

2

Recently Petitioner began to study case law and statutes and federal rules about the grand jury and its process and the court's and prosecutor's proper role toward the grand jury.   Petitioner did an exhaustive amount of research in this area while legally assisting a fellow inmate with filing a relevant ground in a Section 2255 Motion.  In that process, Petitioner was prompted to think about the Devito affidavit in which Devito declared that he appeared before a deposition proceeding not a grand jury.  After petitioner carefully re-read the Devito affidavit, it dawned on him that the government's misconduct went light years beyond a Brady violation into the ambit of forgery and perjury and fraud resulting in his illegal detention on a manufactured, prosecutorial indictment.

WILLIAM D'ANGELO

William D'Angelo, Petitioner's cousin, was the government's star co-operating witness at the three month trial. D'Angelo testified about his involvement, participation, and membership in the alleged Tellier Organization which mainly operated through acts of robbery and murder; D'Angelo's trial testimony touched on such criminal offenses and the government elicited from him his prior grand jury testimony in order to bolster his credibility with the jury.

In April of 2010, Petitioner spoke with his cousin Joanne Guarneri who stated she was in contact with her brother, William D'Angelo.  She said that D'Angelo was currently incarcerated in a Northwestern State and was due to be released in several months.  Petitioner reasoned to himself that the government might have engaged in a pattern of egregious misconduct by using the same procedure for D'Angelo as used for Devito concerning the deposition.   As a result, Petitioner asked Joanne if she could send D'Angelo a message from him.  She agreed.   Petitioner told her to inquire of D'Angelo whether he ever appeared before a grand jury and or prosecutor deposition.  Petitioner later re-contacted Joanne who stated that D'Angelo said he never went before a grand jury proceeding  but appeared before a government deposition.   In order to make sure there was not a misunderstanding on the issue of no grand jury appearance, eventually Petitioner sent D'Angelo three affidavits asking him to sign the affidavit which accurately described what had transpired in regard to his testimony.  Petitioner further added that if none of the affidavit concisely described the occurrence, then D'Angelo should make an affidavit himself, sign it, and return it to Joanne.

3

In and around late July 2010, Petitioner received William D'Angelo's affidavit (See D'Angelo Aff., Exhibit 2).

D'Angelo confirms in his affidavit/declaration that the government deposed him in a deposition setting and at no

time did he make a grand jury appearance in connection with the Tellier Case.*

## THE COURT DOCKET SHEET

The criminal docket sheet for United States v. Tellier, 92 Cr. 869 (MGC) does not list the fourth superseding

indictment which is the very indictment Petitioner was prosecuted, convicted, and sentenced on receiving a life

term of imprisonment.  (See Docket Sheet, relevant pages of entries, Exhibit 3).** Thus, Petitioner's detention

is illegal because he is not being detained by a grand jury indictment required by the Fifth Amendment.

Relief Requested:  Because the government committed egregious misconduct to, in part or in whole, circum-

vent the grand jury process by creating bogus grand jury transcripts and bogus grand jury indictment, the grand jury

process was rendered fundamentally unfair causing a structurally void indictment and the illegal detention of Petitioner,

thereby  (1) requiring the vacation of Petitioner's conviction and his immediate release from imprisonment; (2)

requiring the expungement of his conviction from all records of law enforcement (eg. NCIC); and (3) barring the

government from indicting and re-trying Petitioner for all the criminal offenses listed in the bogus indictment.

---

*    D'Angelo's affidavit was not notarized because his place of incarceration did not provide a notary
public.  D'Angelo signed the affidavit, mailed it to his sister, Joanne Guarneri, who in turn mailed it to Susan
Tellier, who mailed it to Petitioner.  D'Angelo's signed the document under penalty of perjury and therefore it
legally qualifys as a declaration under 28 U.S.C. Section 1746 (2).  See Pennsylvania Food Merchants Assoc. Inc.,
v. Feather O. Houstoun, 999 F.Supp 611, Fn 3 (DC MD Pa 1998).


**    Copies of the relevant pages of the docket sheet have been provided as an exhibit.  If the court deems
necessary to have all the pages of the docket sheet, Petitioner, at the request of the court, shall promptly furnish the
court with the approximate 40 pages.

ARGUMENT

I.   BOGUS GRAND JURY TRANSCRIPTS

Practically two decades ago the government attorneys engaged in a pattern of misconduct in which they vindictively prosecuted Petitioner.  This misconduct led to Petitioner's illegal prosecution.  These rogue prosecutors stooped to the lowest level of unlawful behavior in their bent quest to secure his detention.  The government attorneys circumvented the grand jury when they manufactured bogus grand jury transcripts.  As proof, Petitioner offers the affidavits of Dominic Devito and William D'Angelo who both declare they have made appearances before prosecutorial depositions, but adamantly claim they never were brought before a grand jury in connection with the criminal investigation of Petitioner.

The trial record is explicitly clear that the government attorneys (1) provided Dominic Devito's [g]rand jury transcripts to the district court for an in camera inspection during a discovery dispute, and (2) provided at trial William D'Angelo's [g]rand jury transcripts, as 3500 material, and used them for their direct examination of D'Angelo.

In United States v. Williams, 504 U.S. 36, 49 (1992), the Supreme Court held, "recognizing the tradition of independence of the grand jury, we have said that the Fifth Amendment's constitutional guarantee presupposed an investigative body acting [i]ndependently of either prosecuting attorney or judge."  (emphasis added).

Apparently the government attorneys wrongly operated in a dual fashion of functioning as both prosecutor and grand jury.  Their expansion from their prosecutorial capacity into the ambit exclusively reserved for the grand jury definitely infringed upon the grand jury's investigative nature to act INDEPENDENT of the prosecuting office.

DOMINIC DEVITO

The government attorneys deposed Dominic Devito and immediately labelled their investigative works as the work product of the grand jury forging the transcript to read grand jury proceeding.  While several logical arguments can be made covering why the government committed forgery and then perjured himself during a discovery dispute for the transcripts which he termed as Grand Jury transcripts, Petitioner points at two plausible reasons: First, the government knew Devito gave exculpatory testimony about the Smith homicide and inculpatory testi-

5

mony naming William D'Angelo as the murder of Smith.  Therefore, the exculpatory testimony of Devito had to be re-

dacted before the in camera inspection or the trial judge may have order the disclosure of the transcripts to the defense.

Second, if the transcripts were released to the defense, then Devito would be interviewed by defense and the fact that

he appeared before no grand jury proceeding would have come to light.  Truly this relevation would have opened the

proverbial Pandora's Box on the egregious prosecutorial misconduct which occurred in Petitioner's Case.

Historically, in one regard, "the grand jury is a shield, standing between the accuser and the accused, protect-

ing the individual citizen against oppressive and unfounded government prosecution."  See United Sates v. Hernandez,

1990 U.S. Dist. Lexis 5327 (SDNY 1990)(citing United States v. Hogan, 712 F.2d 757, 759 (2d Cir. 1983)).

The government obviously lost sight of this histroical purpose of the grand jury when it freely elected to prosecute

Petitioner by operating against the mandate of the Fifth Amendment.

In Hernandez, the Court further held:

> The grand jury system has received considerable criticism
> in recent months because its efficacy as a shiled has di-
> minished as the influence of the prosecutor has grown.
> This Court has recently acknowledged:
>
> As it operate today, the grand jury process is largely under
> the control of the federal prosecutor who, himself, draws up
> the indictment, calls and examines witnesses, and advises
> the grand jurors on the relevant legal standards.
>
> In light of the absence of institutional checks on the influence
> of the prosecutor BEFORE the grand jury, courts have increasingly
> exercised their supervissory power to regulate grand jury proceed-
> ings.

The Hernandez case pre-dated Petitioner's case by approximately 2 years.  In fact, Petitioner's case may have

been heard by the same grand jury panel mentioned by the Hernandez court.  The Court voiced great concern about

the government's ability to takeover the grand jury process and diminish its capacity to serve as a buffer between

citizen and prosecuting attorneys.  The court acknowledged the necessity for judicial authority to be exercised for

6

the restoration of the eroding grand jury institution. Petitioner points out that the court failed in its supervisory endeavors only because the prosecutors cunningly changed their strategy from influencing the grand jury with their presence to circumventing the grand jury altogether. With this stratagem, they could hold their private depositions (which they would term as a grand jury proceeding) behind closed doors where they were out of the scope of any judicial detection and authority without any accountability.

Petitioner submits the government's corruption went undetected until recently when his legal research and D'Angelo's affidavit, corroborated by Devito's affidavit, brought total light to the prosecutor's impairment of the grand jury, that is, if one actually existed in the case in the first place.

## WILLIAM D'ANGELO

William D'Angelo, the government's star witness, testified about four homicides and two-dozen robberies charged in the Racketeering and Hobbs Act Indictment. At the trial, the government elicited testimony from D'Angelo relative to his grand jury testimony in order to bolster his credibility. Meanwhile the government knew that they never produced D'Angelo before a grand jury and therefore the government is guilty of subordination of perjury.

These bogus grand jury transcripts prove beyond a shadow of doubt that the government abridged the independent clause of the grand jury to investigatively operate without obstruction or interference or influence from an external source such as the prosecuting office.

## II BOGUS GRAND JURY INDICTMENT

## RIGHT TO INDICTMENT

The Fifth Amendment states that : "No person shall be held to answer for a capital or otherwise infamous crime, unless on presentment or indictment of a grand jury..." U.S. Constitution Amendment V. Simply put, the right to indictment is an absolute. United States v. Ferguson, 758 F.2d 843, 850 (2d Cir. 1985). An indictment is the jurisdictional foundation authorizing the court to exercise its power to entertain a criminal prosecution of a defendant. See Ex parte Bain, 121 U.S. 1 (1887). Rule 7 (a) of the Federal Rules of Criminal Procedure triggers the 5th Amendment right of a defendant requiring, "an offense which may be punished by imprisonment for a term exceeding one

7

year...SHALL be presented by indictment." This constitutional guarantee of trying a defendant on an indictment is designed to protect a presumably innocent defendant. The grand jury is an institution set between the government and a person under suspicion for the purpose of protecting the innocent. See United States v. Calandra, 414 U.S. 338, 342-343 (1974); see also United States v. Hogan, 712 F.2d 757, 759 (2d Cir. 1983). "when a legally constituted grand jury--the neutral buffer between the government and the accused--is absent, the accused's Fifth and Sixth Amendment rights may easily be eviscerated."   United States v. Ferguson, 758 F.2d at 850 (2nd Cir. 1985).  The purpose of the Fifth Amendment is to limit power of legislature, as well as of prosecuting officers, of the United States. See Ex Parte Wilson, 114 U.S. 417 (1985). Moreover, grand jury proceedings are constitutionally mandated for institutions of federal prosecutions for capital or other serious crimes. See Bonzburg v. Hayes, 408 U.S. 665 (1972); see also United States v. McCourty, 562 F.3d 458, 469-470 (2d Cir. 2008)(same).

## THE COURT DOCKET SHEET

The government, in whole or in part, circumvented the grand jury process by forgery of the grand jury indict-ment(s) against Petitioner.   The government prosecuted Petitioner on the Fourth Superseding Indictment (See S4 Indict-ment, 92 Cr. 869 (MGC), first page & last page, Exhibit 4).   Notwithstanding this, the docket sheet for the case does not have an entry for the fourth superseding indictment (See Docket Sheet, entries 1, 86, 131, & 140, Exhibit 3). The federal Rules of Criminal Procedure require the foreperson or deputy foreperson of the grand jury to publish the return of an indictment, including superseding indictments, with the court. Then the foreperson is required to file the indictment or superseding indictment in the clerk's office which immediately enters the indictment on the docket sheet.   The absence of this procedure is an extremely powerful piece of evidence solidifying Petitioner's claim of the counterfeit indictment proving the government structurally and fundamentally rendered the grand jury process unfair, if it even existed, and Petitioner's "detention as a result is unlawful."

8

WAIVER OF INDICTMENT

Federal Rule of Criminal Procedure, Rule 7 (b), explicitly provides: "An offense punishable by imprisonment for more than one year may be prosecuted by information IF the defendant in open court and after being advised of the nature of the charge and of the defendant's rights--WAIVES prosecution by indictment." (emphasis added)(See also 18 U.S.C. Section 3362). In other words, a defendant may waive personal right of indictment by grand jury; although no particular catechism is prescribed, waiver MUST be made in open court, defendant MUST be informed of the nature and cause fro accusation, and the court MUST be satisfied that defendant waives his rights knowingly, intelligently and voluntarily. See United States v Ferguson, 758 F.2d 843, 850-851(2d Cir. 1985), cert, denied 474 U.S. 841 (1985); see also United States v. Pennant, 2009 U.S. Dist. Lexis 14867 (ED Pa 2009)(waiver requirement).

On this point of waiver, there is no record of Petitioner's relinquishment of his right to indictment by grand jury. In fact, there is credible proof that the government--as it did with the grand jury transcripts--forged the grand jury indictment. The forgery of the accusatory instrument violates the very spirit and essence of the Fifth Amendment.

NO GRAND JURY INDICTMENT

In United States v. Sigma Int'l, 244 F.3d 841, 856 (11th Cir. 2001), the Court held:

> "If the Fifth Amendment's promise that 'No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury.' U.S. Const. Amend. V, means anything, it means that a criminal indictment MUST actually issue from a grand jury, and not some other source. The fundamental concept underlying the Fifth amendment guarantee is that in order for an indictment to be recognized as actually issuing from a grand jury, it MUST be the product of an investigative deliberation that is independent of both the prosecuting attorney and the court. (citations omitted).

> \*    \*    \*    \*

> "It is clear, for example, that if a prosecutor simply drew up an 'indictment,' had a grand jury foreperson sign it, and then use it to charge the defendant with a criminal offense, we would dismiss the 'indictment' out of hand as violative of the Fifth Amendment. This is because the 'indictment' would in no sense be the product of a constitutionally required grand jury proceeding. So, too, would we dismiss an indictment that was issued by a 'kangaroo

9

"grand jury"--one whose deliberations were so overborne by
a prosecutor or judge that the indictment was, in effect,
the prosecutor's or judge's handiwork, and not a result of
a considered judgment by an independently functioning grand
jury." (citations omitted)

\*      \*      \*      \*

Subsequently Supreme Court cases have reaffirmed the importance
of the Fifth Amendment's Grand Jury Clause, implying that courts
have the authority to dismiss an indictment that is the product of
a grand jury process so flawed that the grand jury's independence
has been infringed." (citations omitted).

See U.S. v. Sigma Int'l, 244 F.3d 841, 856 (11th Cir. 2001).   In the instant case, there is clear and convincing

evidence before this Court which demonstrates that the government eliminated the grand jury process in whole

or in part.  Whether the prosecutors played loose and fast with the investigative body, or whether they bypassed

it altogether, demands the same result being the dismissal of the bogus indictment and the immediate release of

Petitioner.  Even if the indictment is partially the work product of the grand jury, then the indictment is void on its

face and thus Petitioner's confinement is illegal.  Clearly,  the evidence overwhelmingly points to the fourth

superseding indictment as being a counterfeit made by the hand of the prosecutorial office.  It is important to

note that that indictment has (a) no foreperson's signature; and (b) no date of its issuance which shall make

it nearly impossible for a foreperson or anyone for that matter to validate its authenticity after the passage of

approximately two decades.    Plus, in and of themselves, the bogus grand jury transcripts are enough evidence

to satisfy that the whole grand jury process was polluted by government misconduct who stole their independence.

The government's fraud, counterfeiting, perjury, subordination of perjury causes many important questions to

arise about the grand jury itself, again if ONE even existed in this case.  In the nutshell, Petitioner's confinement

is illegal since the indictment does not in any shape or form conform to the strict mandate of the Fifth Amendment

which requires a grand jury to return the indictment upon which Petitioner is held and detained for prosecution.

10

### THE BOGUS GRAND JURY TRANSCRIPTS

During the trial, the government released 3500 material in particular William D'Angelo's grand jury transcripts, which were marked as Government # 3564 D.   The face page of the transcript read United States Grand Jury for the Southern District of New York.  For the government appearance Assistant U.S. Attorney Paul Gardephe was named.  On Page 2, the heading  reads: D'Angelo · 7/1/92.  The direct examination of D'Angelo was conducted by AUSA Gardephe. On page 50, AUSA Gardephe inquires: "Ladies and gentlemen, I have no further questions for Mr. D'Angelo today. With the foreperson's permission, I'd ask that he be excused."   The Foreperson responded, "You may be excused." The Foreperson, changing his/her mind, then asked one question of D'Angelo about his discharge from the Marine Corps.  (See Bogus Grand Jury Transcripts Exhibit 5).*

New evidence now shows that the grand jury transcript, which the government used to bolster the credibility of D'Angelo at trial, is bogus.  AUSA Gardephe deserves an Oscar for his performance in portraying a prosecutor before a grand jury.  Whether the above-noted colloquy may have been inserted during or after the deposition proceeding, does not change the fact the government (1) prevented the grand jury, if it even did exist, from having its independence and (2) created bogus grand jury transcripts which it deceptively used at the trial and made reference to on direct appeal.

---

* Provided for the court's review are pages 1, 2, 3, 50 and 51 of the bogus grand jury transcripts. Pages 4 through 49 deal with testimony about four homicides and a dozen robberies and are irrelevant to the matter before this court.  However, at the court's request, Petitioner shall promptly furnish the court with a copy of the entire transcript.

HABEAS CORPUS WRIT

Clearly, the writ of habeas corpus pursuant to 28 U.S.C. Section 2241 is the exclusive remedy for a federal prisoner challenging the fact of his confinement, and seeking immediate relief.  See Preiser v. Rodrequez, 411 U.S. 475, 484 (1973).  Importantly, even assuming that Section 2255 is the presumptive means for a federal prisoner challenging the fact of his sentence or conviction, this remedial statute is not applicable in this case.  Especially given, that the Petitioner is not collaterally attacking his sentence and conviction rendering Section 2255 inapplicable to the challenge to the fourth superseding indictment on either is based.*  Petitioner reserves the right to file a traverse to Respondent's answer.

CONCLUSION

WHEREFORE, Petitioner's writ for the foregoing reasons should be granted.

Signed this 8th day of October, 2010, under the penalty of perjury.

Respectfully submitted,

Rene Jellier
Reg. #
32515 054

_____

_____

_____

* Because Section 2255 cannot apply to the context of Petitioner's claim, it is essentially inadequate or ineffective, and the gate-keeping requirements for filing a second or successive Section 2255 equally inapplicable. Particularly when, denying Petitioner access to challenge the absence of a valid indictment under Section 2241 would raise serious constitutional concern.  See Zannino v. Arnold, 531 F.2d 687, Fn 5 (3rd Cir. 19---)(Thus Petitioner correctly seeks relief under 28 USC Section 2241 rather than 28 USC Section 2255.  Petitioner does not attack his sentence and , therefore, Section 2255 is "inadequate or ineffective to test the legality of his detention."); See In Re Mikanda, 321 Fed. Appx 154 (3rd Cir 2009).

12

# UNITED STATES COURT OF APPEALS
# SECOND CIRCUIT

. . . . . . . . . . . . . . . . . . X

UNITED STATES OF AMERICA                    DECLARATION OF DOMINICK DEVITO

                                            92 cr. 869 MGC

       -v-

ROBIN SCOTT TELLIER, et al
              defendant, appellant

. . . . . . . . . . . . . . . . . . X

STATE OF NEW YORK)
COUNTY OF QUEENS )     SS.:


I, DOMINICK DEVITO MAKE THE FOLLOWING DECLARATION UNDER THE PENALTY OF PERJURY;


1) I reside at 37 Taubort Avenue, Pittsfield Massachusetts 01201.

2) I am familiar with Robin and Rene Tellier. On October 5, 1997, I telephoned Patricia Tellier and informed her of all the facts that I will state in this affidavit.

3) I told Patricia Tellier about how FBI Agents Ruocco and Coyne threatened me in several interviews and about my testifying at a Grand Jury Inquest, concerning the homicide of a woman named Tina Smith. My brother, Nicholas, was present when FBI agent Ruocco, and Thomas Coyne interviewed and threatened me on two (2) separate occasions.

4) The first interview took place in Connecticut, in a gas station, where I was employed. My brother, Nicholas, was present. During this interview, Agents Ruocco and Coyne questioned me mostly about Rene Tellier and about the murder. They asked me if Billy D'Angelo was involved. The agents told me straight out that they knew Rene was the one who killed this woman. The majority of the questions came from Agent Ruocco. Basically Coyne just stood there. I told Agent Ruocco and Coyne that Rene did not kill the woman. Agent Ruocco and Coyne insisted that Rene Killed the woman and told me that they had a video taped interview of Rene stating that Billy and I committed the murder. The agents threatened me that if I continued to say that Billy D'Angelo was the killer of Tina Smith, that they would indict me, along with Rene Tellier, for the murder, as well as other Federal charges. Agents Ruocco and Coyne said to me that they "know that I was only 14 ears old at the time but you're not 14 years old anymore and let me make myself perfectly clear. I know for a fact that you were involved in a number of robberies and crimes with Robin, Rene and....." I do not remember who else. Agent Ruocco mentioned. Ruocco continued by saying "I can prove it right down to the Movado you're wearing on your wrist right

*Exhibit 1*

now." I told him that would be pretty hard to prove considering I have a receipt for the watch.

5) At this same interview Agent Ruocco had a map of where he said the gun used in the murder was disposed of. Ruocco told me that Billy D'Angelo had told them where the gun was disposed of. They had me initial the map as proof that they had shown it to me. Ruocco and Coyne did not write much what I was saying down. Ruocco did right my name and phone number and address on a piece of paper and asked me to sign it. I continued to insist that Billy was the killer. They also asked me questions about Robin Tellier. Ruocco and Coyne then left

6) FBI agent Ruocco, and Coyne, returned to the gas station, several months later. Again my brother, Nicholas was present. They entered the gas station, asked me a few questions. I asked them to leave because I was at work and they were jeopardizing my job. Agent Ruocco said it would only take a few minutes. He opened his brief case, took out an envelope and dropped it on the counter. I asked him what it was and he said that it was a Federal subpoena to appear before a Grand Jury and that I had been served and if I didn't comply with it that he would personally be back to arrest me because I will do a year for contempt. Ruocco also said "We already have around 13 indictments on our hands right now, there's about 11 people behind bars, including Robin and Rene. Yours will be as easy as Teddy Moustakis' and I know you know him, he grew up around the corner from where I know you did, his mother lived there for years. I told him "yeah I know Teddy". Ruocco continued by saying "Well yours will be as easy as his. We didn't get him indicted on a lot of direct involvement but we got him indicted too. We have no problem indicting one more person". Agent Ruocco told me to go into the Grand Jury and say what they wanted me to say. They said it was in my best interest to be cooperative.

7) Sometime after the second interview, Agent Ruocco called me at my home. I again told him the same facts as I have stated above.

8) Sometime later, I traveled from Connecticut, with my brother Nicholas, to the courthouse in Manhattan, with the intention of testifying in front of the Grand Jury. I was told by AUSA Gardephe that there wasn't a grand jury available and I could do one of two things. Either I could reschedule or I could waive my right to testify in front of the Grand Jury and testify at a Grand Jury inquest without the Grand Jury present. I chose to testify without the Grand jury present because I just wanted to get the whole ordeal over with. Present in the room was the AUSA Paul Gardephe, my attorney, Howard Jacobs and a court stenographer and myself. Gardephe asked me a lot of questions about the murder. He repeated a lot of the same questions by rephrasing them as if trying to confuse me. I can not remember all the questions. I do remember some of them. I was asked whether I was in the car, outside the car? I answered some of the questions by saying "I don't know". I was specifically asked if Rene had killed the woman. I told them that Rene Tellier had never killed anyone that I was aware of. They asked me if Rene had ever fired a gun in house? I aid "No, not that I know of". Gardephe also brought up whether or not I was aware of any stolen articles. Gardephe also asked me about other murders. Gardephe also asked me about a counterfeiting ring. Gardephe showed me a picture from, I believe from Charles Schrader's wedding. In the picture was Robin, Rene, sitting at a table. I was asked to identify

them. I did. Even though I was afraid to say much of anything because I had been threatened so many times with an indictment, I specifically told Gardephe at this Grand Jury Inquest that Rene Tellier did not kill this woman.

**9)** At the conclusion of the Inquest, Paul Gardephe asked when he would get a copy of the transcript and I informed my attorney that I wanted a copy also. I never received it.

**10)** After I testified at the Grand Jury Inquest, I traveled back to Connecticut with my brother. I was worried that I might be indicted with Rene for murder because I didn't testify that Rene did the murder like I was told to do by Agents Ruocco and Coyne. I never heard from the FBI or the U.S. Attorney's office again. I never inquired about my copies of my testimony because I never had any use for them, until now.

**11)** As of the date of this signing I am trying to obtain a copy of my Grand Jury Inquest testimony. I have been in contact with my attorney, Howard Jacobs. If I am able to obtain the copies I will attach them to this affidavit as Exhibit A.

**12)** Sometime later, I found out that Detective Coyne had misrepresented himself to me because he allowed me to believe that he was an FBI agent by signing his name on Special Agent Ruocco's business card.

**13)** I do not understand how Rene was convicted of the Tina Smith Homicide when I told the FBI agent and Detective Coyne that Billy D'Angelo committed the murder.

**14)** Patricia Tellier has advised me that Robin Tellier's Appellate Attorney, Kevin Schad, might want to speak to me in the near future, regarding this affidavit. I have given Patricia Tellier my phone number.

**15)** I was never contacted by the Defense. If I was I would have testified to the facts that I have stated in this affidavit.

**16)** I was willing and am still willing to testify at any hearings or trial as to the facts that I have stated herein.

**17)** I sign this affidavit on my own free will. I have not been compensated in any way.

QUEENS, NEW YORK *Commonwealth of Massachusetts*

October 7, 1997

*Dorothy E. Wright*

                                                DOMINICK DEVITO

NOTARY
*Dorothy E. Wright*

Sworn to before me
this 7th day of October, 1997
*My Commission expires: March 18, 2000*

# Joanne Guarneri

| | |
|---|---|
| **From:** | TELLIER RENE (32515054) |
| **Sent Date:** | Saturday, April 17, 2010 10:18 PM |
| **To:** | joanneg221@yahoo.com |
| **Subject:** | Affidavit |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENE TELLIER,

        Movant,

      v.

                                 92 Cr 869 (MGC)

UNITED STATES OF AMERICA,

        Respondent.

## AFFIDAVIT OF WILLIAM D"ANGELO

I, William D'Angelo, hereby declare under penalty of perjury as follows:

1. I am familiar with the relevant facts surrounding the above-captioned case.

2. During the government's investigation of the Tellier Organization, I was never brought before a grand jury

proceeding. I did, however, make an appearance for a prosecutor deposition. At this deposition, I was asked questions

and gave answers to the government attorney. A stenographer took the testimony.

WHEREFORE, I declare under penalty of perjury that the foregoing is true and correct.

Dated _____

Respectfully submitted,

William D'Angelo
208-48 15th Road
Bayside, New York 11360
(legal mailing address)

Notary Public Stamp, Date, and Signature:

6/10/2010

Exhibit 2

**Terminated Counts**                                    **Disposition**

None

**Highest Offense Level (Terminated)**

None

**Complaints**                                            **Disposition**

None

---

**Plaintiff**

**United States Of America**                represented by  **Guy Petrillo**
                                                            Mary Jo White
                                                            U.S. Attorney for the SDNY
                                                            100 Church Street, 19th fl.
                                                            New York, NY 10007
                                                            (212)385-62810
                                                            *LEAD ATTORNEY*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/14/1992 | | ORDER as to Robin Scott Tellier, Rene Tellier, Russell Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, Richard Lawlor, Timothy Burns, Michael Ladagana, Robert Bugliaro, Michael Bugliaro, James Hartofilis, Pasquale Curatolo, sealing indictment 92 CR 869. (ys) (Entered: 09/26/1995) |
| 10/14/1992 | 1 | SEALED INDICTMENT as to Robin Scott Tellier (1) count(s) 1, 2, 6, 7, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, Rene Tellier (2) count(s) 1, 2, 3, 4, 5, 6, 7, 8, 9, 10, Russell Tellier (3) count(s) 1, 2, 5, Roy Tellier (4) count(s) 1, 2, Teddy J. Moustakis (5) count(s) 1, 2, Alphonse Rescigno (6) count(s) 1, 2, 14, 15, Ronald Rescigno (7) count(s) 1, 2, 3, 4, 14, 15, Richard Lawlor (8) count(s) 1, 2, 20, 21, Timothy Burns (9) count(s) 1, 2, 11, 12, 14, 15, Michael Ladagana (10) count(s) 1, 2, 8, Robert Bugliaro (11) count(s) 1, 2, 18, 19, Michael Bugliaro (12) count(s) 1, 2, 18, 19, 20, James Hartofilis (13) count(s) 1, 2, 17, Pasquale Curatolo (14) count(s) 1, 2 (ys) (Entered: 09/26/1995) |
| 10/26/1992 | 2 | AFFIRMATION OF GUY PETRILLO by USA as to Rene Tellier Re: that a writ of habeas corpus issue, directing the Warden of the Attica Correctional Facility, New York State Department of Corrections, and the U.S. Marshal for the S.D.N.Y....produce Rene Tellier at room 332, U.S. Courthouse, N.Y., N.Y. on Nov. 5, 1992 at 10:00 a.m... and return him the Attica Correctional Facility. (ys) Modified on 09/26/1995 (Entered: 09/26/1995) |
| 10/27/1992 | 5 | ORDER as to Robin Scott Tellier, Rene Tellier, Russell Tellier, Roy |

Exhibit 3

| | | |
|---|---|---|
| | | Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, Richard Lawlor, Timothy Burns, Michael Ladagana, Robert Bugliaro, Michael Bugliaro, James Hartofilis, Pasquale Curatolo,... unsealing indictment So Ordered: ( Signed by Magistrate Judge Leonard A. Bernikow ); Copies mailed. (ys) (Entered: 09/26/1995) |
| 10/27/1992 | | Indictment unsealed as to Robin Scott Tellier, Rene Tellier, Russell Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, Richard Lawlor, Timothy Burns, Michael Ladagana, Robert Bugliaro, Michael Bugliaro, James Hartofilis, Pasquale Curatolo (ys) (Entered: 09/26/1995) |
| 11/06/1992 | | First Appearance as to Rene Tellier held (ys) (Entered: 09/27/1995) |
| 11/06/1992 | | Bail hearing as to Rene Tellier held. Deft. pres. w/atty. Gregory Cooper. Bail moot. Detained. (ys) (Entered: 09/27/1995) |
| 11/16/1992 | 53 | CJA 23 FINANCIAL AFFIDAVIT by Rene Tellier (ys) (Entered: 09/27/1995) |
| 11/16/1992 | 54 | CJA 20 as to Rene Tellier : Appointment of Attorney Gregory Cooper. ( Signed by Magistrate Judge Barbara A. Lee ) (ys) (Entered: 09/27/1995) |
| 11/19/1992 | | Pre-trial conference as to Robin Scott Tellier, Rene Tellier, Russell Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, Richard Lawlor, Timothy Burns, Michael Ladagana, Robert Bugliaro, Michael Bugliaro, James Hartofilis, Pasquale Curatolo held. Deft. Robin Tellier in custody of U.S. Marshal, atty. Anthony Cueto pres. Deft. Rene Tellier in custody of U.S. Marshal, Atty. Gregory Cooper pres. Deft. Russell Tellier in custody of the U.S. Marshal, Atty. Gino Josh Singer pres. Deft. Roy Tellier in custody of the U.S. Marshal, Atty. Roger J. Schwartz pres. Deft. Moustakis w/atty. Kenneth J. Schreiber. Deft. Alphonse Rescigno in custody of the U.S. Marshal, Atty. Lawrence Schoenbach pres. Deft. Ronald Rescigno in custody of the U.S. Marshal, Atty. Lawrence A. Porcari pres. Deft. R. Lawlor in custody of the U.S. Marshal, Atty.Gerald M. Labush pres. Deft. Timothy Burns w/atty. Sam A. Schmidt pres. M. Ladagano w/atty. Joseph Sulik pres. Deft. Robert Bugliaro in custody of the U.S. Marshal, Atty. David Lewis pres. Michael Bugliaro in custody of the U.S. Marshal, Atty. Isabelle A. Kirshner pres. Deft. J. Hartofiles w/atty. Kenneth Schreiber for Anthony Lombardino. Deft. Curatolo w/atty. Marshall D Trager pres. AUSA Guy Petrillo and Paul Gardephe and Ct. Reporter: Guido Tascione pres...to complete discovery by Dec. 11th. Conf. set for 12/16/92 at 4:30 p.m. Time between now and Dec. 16th at 4:30 p.m. excluded from Speedy Trial Clock purs. T-18 U.S.C. 3161(h)(8)(A) application to release from home arrest. Gov't to submit transcript of Mag.'s hearing and tape. to notify parties when reach decision. (Mag. Judge Cedarbaum). (ys) (Entered: 09/27/1995) |
| 11/19/1992 | | ORAL ORDER as to Robin Scott Tellier, Rene Tellier, Russell Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, |

| | | |
|---|---|---|
| | | Richard Lawlor, Timothy Burns, Michael Ladagana, Robert Bugliaro, Michael Bugliaro, James Hartofilis, Pasquale Curatolo , set pretrial conference for 4:30 12/16/92 for Robin Scott Tellier, for Rene Tellier, for Russell Tellier, for Roy Tellier, for Teddy J. Moustakis, for Alphonse Rescigno, for Ronald Rescigno, for Richard Lawlor, for Timothy Burns, for Michael Ladagana, for Robert Bugliaro, for Michael Bugliaro, for James Hartofilis, for Pasquale Curatolo ( Entered by Judge Miriam G. Cedarbaum ) (ys) (Entered: 09/27/1995) |
| 12/16/1992 | | Status conference as to Robin Scott Tellier, Rene Tellier, Russell Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, Richard Lawlor, Timothy Burns, Michael Ladagana, Robert Bugliaro, Michael Bugliaro, James Hartofilis, Pasquale Curatolo held. Deft. Robin Tellier in custody of U.S. Marshall, Atty Anthony R. Cueto pres. Deft. Rene Tellier in custody of the U.S. Marshal, Atty. Gregory Cooper pres. Deft. Russell Tellier in custody of U.S. Marshal, Atty. Isabell Kirschner for Roger Schwarz. Deft. Teddy Moustakis w/atty. Barbara Hartung pores. Deft. Alphonse Rescigno in custody of the U.S. Marshal, Atty. Lawrence Porcari pres. Deft. Lawlor pres. w/atty. Gerald LaBush. Deft. M. Ladagano pres. w/atty. Joseph Sulik. Deft. Robert Bugliaro in custody of the U.S. Marshal, Atty. David L. Lewis pres. Deft. Hartofilis w/atty. Anthony Lombardino. Deft. Curatolo pres. w/atty. Marshall Trager. AUSA Guy Petrillo and Paul Gardephe and Ct. Reporter: Albigorn pres. All defense motions to dismiss indictment by Feb. 1, 1993, Govt's response by March 1, Reply by March 8, Oral argument by March 18 at 2:30 p.m. At defts' request time between Dec. 16, and March 18 excluded from speedy time clock purs. T-18 U.S.C. 3161(h)(8)(A)....(Judge Cedarbaum) (ys) (Entered: 09/27/1995) |
| 12/16/1992 | | ORAL ORDER as to Robin Scott Tellier, Rene Tellier, Russell Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, Richard Lawlor, Timothy Burns, Michael Ladagana, Robert Bugliaro, Michael Bugliaro, James Hartofilis, Pasquale Curatolo , set motion filing deadline for 2/1/93 for Robin Scott Tellier, for Rene Tellier, for Russell Tellier, for Roy Tellier, for Teddy J. Moustakis, for Alphonse Rescigno, for Ronald Rescigno, for Richard Lawlor, for Timothy Burns, for Michael Ladagana, for Robert Bugliaro, for Michael Bugliaro, for James Hartofilis, for Pasquale Curatolo , and Excludable time to Continue in Interests of Justice from 12/16/92 until 3/18/93. ( Entered by Judge Miriam G. Cedarbaum ) (ys) (Entered: 09/27/1995) |
| 01/13/1993 | | Jury trial as to Robin Scott Tellier, Rene Tellier, Roy Tellier, Teddy J. Moustakis, James Hartofilis continued to 10:00 1/18/94 for Robin Scott Tellier, for Rene Tellier, for Roy Tellier, for Teddy J. Moustakis, for James Hartofilis (ys) (Entered: 10/27/1995) |
| 02/02/1993 | 68 | MOTION by Rene Tellier for Disclosure of Judicial review dismissing Act of Racketeering Paragraphs 17(a)(b), 18(a)(b), 20 (a)(b)(c), 22(b)(c), 23(b)(c), 24(a)(b), 26(a)(b), and 28(a)(b). , and to dismiss Act of Racketeering Paragraph 17 (a)(b), 18(a)(b), 20(a)(b)(c), 22(b)(c), 23(b) (c), 24(a)(b), 26(a)(b), and 28(a)(b) , and to join in the motions of the co- |

| | | |
|---|---|---|
| | | defendants to te extent that they are relevant to him , Return date 3/18/93...Attached Affidavit of Gregory Cooper and Memorandum of Law in support of motion (ys) (Entered: 09/27/1995) |
| 02/19/1993 | 84 | ARREST WARRANT issued as to Rene Tellier...RICO CONSPIRACY...warrant issued on 10/15/92 by Mag. Judge Roberts. (ys) (Entered: 09/28/1995) |
| 03/01/1993 | 86 | SUPERSEDING INDICTMENT as to Robin Scott Tellier (1) count(s) 1s, 2s, 6s, 7s, 11s, 12s, 13s, 14s, 15s, 16s, 17s, 18s, 19s, 20s, 21s, Rene Tellier (2) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s, Russell Tellier (3) count(s) 1s, 2s, 5s, Roy Tellier (4) count(s) 1s, 2s, Teddy J. Moustakis (5) count(s) 1s, 2s, Alphonse Rescigno (6) count(s) 1s, 2s, 14s, 15s, Ronald Rescigno (7) count(s) 1s, 2s, 3s, 4s, 14s, 15s, Richard Lawlor (8) count(s) 1s, 2s, 20s, 21s, Timothy Burns (9) count(s) 1s, 2s, 11s, 12s, 14s, 15s, Michael Ladagana (10) count(s) 1s, 2s, 8s, Robert Bugliaro (11) count(s) 1s, 2s, 18s, 19s, Michael Bugliaro (12) count(s) 1s, 2s, 18s, 19s, 20s, James Hartofilis (13) count(s) 1s, 2s, 17s, Pasquale Curatolo (14) count (s) 1s, 2s (ys) (Entered: 09/28/1995) |
| 03/08/1993 | 87 | MEMORANDUM by USA as to Rene Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, Timothy Burns, Robert Bugliaro, James Hartofilis, Pasquale Curatolo in opposition to [82-1] motion to dismiss the indictment, [82-2] motion to dismiss the indictment on the Fifth Amendment due process grounds and double jeopardy, [82-3] motion to strike all racketeering acts attributed to Ronald Rescigno in count 1 of the indictment, [77-1] motion to dismiss the indictment purs. to Fed. R. Crim P. 12(b)(2), [75-1] motion for Bill of Particulars, [75-2] motion to dismiss racketeering act 16, [75-3] motion to dismiss racketeering act 21, [75-4] motion to dismiss racketeering act 22, [75-5] motion to dismiss counts one and two of the indictment, [75-6] motion to dismiss counts eleven and fourteen, [75-7] motion to dismiss twelve and sixteen, [75-8] motion to dismiss count fifteen, [75-9] motion to join in all motions of co-defendants to the extent that they are applicable to him, [73-1] motion to dismiss indictment pus. to F.R. Crim P. 12(b)(2), [73-2] motion to dismiss the Predicate Acts for failure to set forth, [71-1] motion to dismiss each and every count of the indictment against deft., [68-1] motion for Disclosure of Judicial review dismissing Act of Racketeering Paragraphs 17(a)(b), 18(a)(b), 20 (a)(b)(c), 22(b)(c), 23(b)(c), 24(a)(b), 26(a)(b), and 28(a)(b)., [68-2] motion to dismiss Act of Racketeering Paragraph 17 (a)(b), 18(a)(b), 20(a)(b)(c), 22(b)(c), 23(b) (c), 24(a)(b), 26(a)(b), and 28(a)(b), [69-1] motion to dismiss Act of Racketeering Eleven, [69-2] motion to dismiss Act of Racketeering Thirteen, [69-3] motion to dismiss Act of Racketeering Fourteen (a), [69-4] motion to dismiss Act of Racketeering Fourteen (b), [69-5] motion to dismiss Act of Racketeering Fourteen (c), [69-6] motion to dismiss two of the Racketeering Acts in their entirety charged in the indictment, [66-1] motion to dismiss Act of Racketeering Fourteen (b), [66-2] motion to dismiss Act of Racketeering Fourteen (c), [65-1] motion to dismiss indictment (ys) (Entered: 09/28/1995) |
| | | |

| 03/17/1993 | | Arraignment as to Robin Scott Tellier, Rene Tellier, Russell Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, Richard Lawlor, Timothy Burns, Michael Ladagana, Robert Bugliaro, Michael Bugliaro, James Hartofilis, Pasquale Curatolo held. Robin Scott Tellier (1). Deft. in custody of U.S. Marshal, Anthony Cueto pres. Mr. Cueto relieved as Atty. for deft. New atty. to be appointed. Deft. pleads not guilty to count(s) 1s, 2s, 6s, 7s, 11s, 12s, 13s, 14s, 15s, 16s, 17s, 18s, 19s, 20s, 21s, Rene Tellier (2) deft. in custody of U.S. Marshal, Atty. Anthny Cueto for Gregory E. Cooper pres. Deft. pleads not guilty to count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s, Russell Tellier (3) deft. w/atty. Roger J. Schwarz for Gino Josh Singer pres. Deft. pleads not guilty to count(s) 1s, 2s, 5s, Roy Tellier (4) in custody of U.S. Marshal, Atty. Roger J. Schwarz pres. Deft. pleads not guilty to count(s) 1s, 2s, Teddy J. Moustakis (5) deft. pres. w/atty. Barbara Hartung. Deft. pleads not guilty to count(s) 1s, 2s, Alphonse Rescigno (6) deft. pres. w/atty. Lawrence H. Schoenbach. Deft. pleads not guilty to count(s) 1s, 2s. Ronald Rescigno (7) deft. pres. w/atty. Lawrence A. Porcari. Deft. pleads not guilty to count(s) 1s, 2s, 3s, 4s, 14s, 15s, Richard Lawlor (8) in the custody of U.S. Marshal, Atty. Gerald M. Labush pres. Deft. pleads not guilty to count(s) 1s, 2s, 20s, 21s, Timothy Burns (9) pres. w/atty. Sam a. Schmidt. Deft. pleads not guilty to count(s) 1s, 2s, 11s, 12s, 14s, 15s, Michael Ladagana (10) pres. w/atty. Joseph Sulik by count(s) 1s, 2s, 8s, Robert Bugliaro (11) in custody of U.S. Marshal, Atty. David Lewis pres. Deft. pleads not guilty to count(s) 1s, 2s, 18s, 19s, Michael Bugliaro (12) deft. pres. w/atty. Isabelle A. Kirshner. Deft. pleads not guilty to count(s) 1s, 2s, 18s, 19s, 20s, James Hartofilis (13) in custody of the U.S. Marshal, Atty. Kenneth Paul pres. Deft. pleads not guilty to count(s) 1s, 2s, 17s, Pasquale Curatolo (14) pres. w/atty. Marshall D. Trager. Deft. pleads not guilty to count(s) 1s, 2s. AUSA Guy Petrillo and Paul Gardephe and Ct. Reporter: Carol Sherman pres. ... before Judge Miriam G. Cedarbaum (ys) Modified on 09/29/1995 (Entered: 09/28/1995) |
| 03/17/1993 | | PLEA entered by Robin Scott Tellier, Rene Tellier, Russell Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, Richard Lawlor, Timothy Burns, Michael Ladagana, Robert Bugliaro, Michael Bugliaro, James Hartofilis, Pasquale Curatolo . Court accepts plea. Not Guilty: Robin Scott Tellier (1) count(s) 1s, 2s, 6s, 7s, 11s, 12s, 13s, 14s, 15s, 16s, 17s, 18s, 19s, 20s, 21s, Rene Tellier (2) count(s) 1s, 2s, 3s, 4s, 5s, 6s, 7s, 8s, 9s, 10s, Russell Tellier (3) count(s) 1s, 2s, 5s, Roy Tellier (4) count(s) 1s, 2s, Teddy J. Moustakis (5) count(s) 1s, 2s, Alphonse Rescigno (6) count(s) 1s, 2s, 14s, 15s, Ronald Rescigno (7) count(s) 1s, 2s, 3s, 4s, 14s, 15s, Richard Lawlor (8) count(s) 1s, 2s, 20s, 21s, Timothy Burns (9) count(s) 1s, 2s, 11s, 12s, 14s, 15s, Michael Ladagana (10) count(s) 1s, 2s, 8s, Robert Bugliaro (11) count(s) 1s, 2s, 18s, 19s, Michael Bugliaro (12) count(s) 1s, 2s, 18s, 19s, 20s, James Hartofilis (13) count(s) 1s, 2s, 17s, Pasquale Curatolo (14) count(s) 1s, 2s (ys) (Entered: 09/29/1995) |
| 03/17/1993 | | Status conference as to Robin Scott Tellier, Rene Tellier, Russell Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, Richard Lawlor, Timothy Burns, Michael Ladagana, Robert Bugliaro, |

| | | |
|---|---|---|
| | | Michael Bugliaro, James Hartofilis, Pasquale Curatolo held. Deft. Robin Tellier in custody of U.S. Marshal, Atty Anthony Cueto pres. Mr. Cueto relieved as atty. for deft. New atty. to be appointed. Rene Tellier in custody of U.S. Marshal, Atty. Anthony Cueto for Gregory Cooper pres. Russell Tellier w/atty. Roger J. Schwartz for Gino Josh Singer pres. Roy Tellier in custody of U.S. Marshal, Atty. Roger J. Schwarz pres. Moustakis w/atty. Barbara L. Hartung pres. Alphonse Rescigno w/atty. Lawrence H. Schoenbach pres. Ronald Rescigno w/atty. Lawrence A. Porcari pres. R. Lawlor in custody of the U.S. Marshal, Atty. Gerald M. Labush pres. Timothy Burns w/atty. Sam Schmidt pres. Michael Ladagano w/atty. Joseph Sulik by Marshall Trager pres. Robert Bugliaro in custody of U.S. Marshal, Atty. David Lewis pres. Michael Bugliaro w/atty. Isabelle A. Kirshner pres,. James Hortofilis in custody of the U.S. Marshal, Atty. Kenneth Paul pres. Pasquale Curatolo w/atty., Marshal D. Trager pres. AUSA Guy Petrillo and Paul Gardephe, Ct. Reporter Carl Sherman pres. Defense motions due June 7th. Gov't response by July 19th, Oral argument July 23rd at 11:00 a.m. Conf. set for Mar. 26th at 11:00 a.m. (before Judge Cedarbaum) (ys) Modified on 09/29/1995 (Entered: 09/29/1995) |
| 03/17/1993 | | ORAL ORDER as to Robin Scott Tellier, Rene Tellier, Russell Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, Richard Lawlor, Timothy Burns, Michael Ladagana, Robert Bugliaro, Michael Bugliaro, James Hartofilis, Pasquale Curatolo , set motion filing deadline for 6/7/93 for Robin Scott Tellier, for Rene Tellier, for Russell Tellier, for Roy Tellier, for Teddy J. Moustakis, for Alphonse Rescigno, for Ronald Rescigno, for Richard Lawlor, for Timothy Burns, for Michael Ladagana, for Robert Bugliaro, for Michael Bugliaro, for James Hartofilis, for Pasquale Curatolo , and set status conference for 11:00 3/26/93 for Robin Scott Tellier, for Rene Tellier, for Russell Tellier, for Roy Tellier, for Teddy J. Moustakis, for Alphonse Rescigno, for Ronald Rescigno, for Richard Lawlor, for Timothy Burns, for Michael Ladagana, for Robert Bugliaro, for Michael Bugliaro, for James Hartofilis, for Pasquale Curatolo ( Entered by Judge Miriam G. Cedarbaum ) (ys) Modified on 02/06/1996 (Entered: 09/29/1995) |
| 03/26/1993 | | Status conference as to Robin Scott Tellier, Rene Tellier, Russell Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, Richard Lawlor, Timothy Burns, Michael Ladagana, Robert Bugliaro, Michael Bugliaro, James Hartofilis, Pasquale Curatolo held. Deft. Robin Tellier in custody of U.S. Marshal, atty. Barry Fallick pres. Deft. Rene Tellier in custody of the U.S. Marshal, Atty. Gregory E. Cooper pres. Deft. Russell Tellier w/atty. Gino Josh Singer pres. Deft. Roy Tellier in custody of the U.S. Marshal, Atty. Roger Schwarz pres. Deft. Teddy Moustakis w/atty. Barbara Huntung pres. Deft. Alphonse Rescigno w/atty. Lawrence Schoenbach pres. Deft. Ronald Rescigno w/atty. Lawrence A. Porcari pres. Deft. Richard Lawlor in custody of U.S. Marshal, Atty. not pres. Deft. Timothy Burns w/atty. Sam Schmidt pres. Deft. Michael Ladagano w/atty. Joseph Sulik pres. Deft. Robert Bugliaro in custody of U.S. Marshal w/atty. Lawrence Schoenbach for David Lewis. Deft. Michael Bugliaro w/atty. Barbara Hartung pres. for Isabelle |

|  |  | A. Kirshner. Deft. James Hartofilis in custody of the U.S. Marshal, Atty. Sam Schmidt for Kenneth Paul. AUSA Guy Petrillo and Thomas Coyne NYPD, Ct. Reporter: Eugene Levine pres. Trial approximately 3 months. set for Nov. 15. Time bet. now than exc. form speedy trial clock, purs. T-18 U.S.C. 3161(h((8)(A). (Judge Cedarbaum) (ys) Modified on 09/29/1995 (Entered: 09/29/1995) |
|---|---|---|
| 03/26/1993 |  | ORAL ORDER as to Robin Scott Tellier, Rene Tellier, Russell Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, Richard Lawlor, Timothy Burns, Michael Ladagana, Robert Bugliaro, Michael Bugliaro, James Hartofilis, Pasquale Curatolo , set Jury trial for 11/15/93 for Robin Scott Tellier, for Rene Tellier, for Russell Tellier, for Roy Tellier, for Teddy J. Moustakis, for Alphonse Rescigno, for Ronald Rescigno, for Richard Lawlor, for Timothy Burns, for Michael Ladagana, for Robert Bugliaro, for Michael Bugliaro, for James Hartofilis, for Pasquale Curatolo , and to Continue in Interests of Justice ( Entered by Judge Miriam G. Cedarbaum ) (ys) (Entered: 09/29/1995) |
| 05/14/1993 | 94 | TRANSCRIPT of record of proceedings as to Robin Scott Tellier, Rene Tellier, Russell Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, Richard Lawlor, Timothy Burns, Michael Ladagana, Robert Bugliaro, Michael Bugliaro, James Hartofilis, Pasquale Curatolo...before Judge Cedarbaum. (ys) (Entered: 09/29/1995) |
| 05/14/1993 | 97 | TRANSCRIPT of record of proceedings as to Robin Scott Tellier, Rene Tellier, Russell Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, Richard Lawlor, Timothy Burns, Michael Ladagana, Robert Bugliaro, Michael Bugliaro, James Hartofilis, Pasquale Curatolo for dates of 3/17/93 before Judge Cedarbaum. (ys) (Entered: 09/29/1995) |
| 08/05/1993 | 113 | MEMORANDUM by USA as to Rene Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, Timothy Burns, Robert Bugliaro, James Hartofilis, Pasquale Curatolo in opposition to [108-1] motion to dismiss counts one and two, [108-2] motion to strike predicate act eight from the superseding indictment, [108-3] motion granting the defendant relief from prejudicial joinder of the defendants and offenses, [108-4] motion to suppress certain tangible property and physical evidence, [106-1] motion to sever defendant's trial from that of his co-defendant, [106-2] motion for Bill of Particulars, [105-1] motion to suppress the evidence seized from the deft., [105-2] motion to suppress defendant's post-arrest statements, [105-3] motion granting an audibility hearing and excluding inaudible tapes intended to be used by the gov't, [104-1] motion for Bill of Particulars, [104-2] motion to sever defendant's trial from that of his co-defendant, [104-3] motion to strike of the surplusage from the indictment, [103-1] motion to suppress the identification testimony of defendant, [103-2] motion to sever deft's trial from that of his co-defendants, [103-3] motion for Bill of Particulars (ys) (Entered: 10/02/1995) |
| 08/13/1993 | 116 | MOTION by Rene Tellier to suppress identification, statements, and physical evidence. , Return date 8/13/93 (ys) (Entered: 10/02/1995) |

| 09/22/1993 | 130 | MEMORANDUM by USA as to Rene Tellier, Roy Tellier, Alphonse Rescigno in opposition to [116-1] motion to suppress identification, statements, and physical evidence., [114-1] motion to dismiss predicate act twenty seven from the superceding indictment, [114-2] motion to strike act twenty seven (a) or act twenty seven (b), [108-1] motion to dismiss counts one and two, [108-2] motion to strike predicate act eight from the superseding indictment, [108-3] motion granting the defendant relief from prejudicial joinder of the defendants and offenses, [108-4] motion to suppress certain tangible property and physical evidence (ys) (Entered: 10/03/1995) |
|---|---|---|
| 09/27/1993 | 131 | SUPERSEDING INDICTMENT as to Robin Scott Tellier (1) count(s) 1ss, 2ss, 6ss, 7ss, 12ss, 13ss, 14ss, 15ss, 16ss, 17ss, 18ss, 19ss, 20ss, 21ss, 22ss, 23ss, 24ss, 25ss, Rene Tellier (2) count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 6ss, 7ss, 8ss, 9ss, 10ss, 11ss, Roy Tellier (4) count(s) 1ss, 2ss, 16ss, 21ss, Teddy J. Moustakis (5) count(s) 1ss, 2ss, 16ss, Alphonse Rescigno (6) count(s) 1ss, 2ss, 6ss, 7ss, 16ss, 17ss, 18ss, Ronald Rescigno (7) count(s) 1ss, 2ss, 3ss, 4ss, 16ss, 17ss, 18ss, James Hartofilis (13) count(s) 1ss, 2ss, 20ss, 21ss (ys) (Entered: 02/02/1996) |
| 09/27/1993 | | Arraignment as to Robin Scott Tellier, Rene Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno held Robin Scott Tellier (1) count(s) 1ss, 2ss, 6ss, 7ss, 12ss, 13ss, 14ss, 15ss, 16ss, 17ss, 18ss, 19ss, 20ss, 21ss, 22ss, 23ss, 24ss, 25ss, Rene Tellier (2) count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 6ss, 7ss, 8ss, 9ss, 10ss, 11ss, Roy Tellier (4) count (s) 1ss, 2ss, 16ss, 21ss, Teddy J. Moustakis (5) count(s) 1ss, 2ss, 16ss, Alphonse Rescigno (6) count(s) 1ss, 2ss, 6ss, 7ss, 16ss, 17ss, 18ss, Ronald Rescigno (7) count(s) 1ss, 2ss, 3ss, 4ss, 16ss, 17ss, 18ss. Deft. Robin Tellier in custody of U.S. Marshal atty. Barry Fallick pres. Deft. pleads not guilty SSS 92 CR 869 indictment. Evidentiary Hrg. Photographic I.D. Oct. 26th 11 a.m. to 1 p.m. Motion to suppress Oct. 28th 10 a.m. Deft. Rene Tellier in custody of U.S. Marshal, Atty. Greg Cooper pres. Deft. pleads not guilty to SSS 92 CR 869 indictment. Motion to Suppress Oct. 28th 2:30 p.m. Statements Oct. 25th 10:00 a.m. until 4:00 p.m. Roy Tellier w/atty. M. Hurwitz pres. Deft. pleads not guilty to SSS 92 CR 869 Indictment. Evidentiary hrg. Oct. 27th 11:00 a.m. Deft. Moustakis w/atty. Dana Hanna pres. Deft. pleads not guilty to SSS92 CR 869 indictment. Alphonse Rescigno w/atty. Lawrence H. Schoenback pres. Deft. pleads not guilty to SSS 92 CR 869 indictment. Ronald Rescigno w/atty. Lawrence A. Porcari pres. Deft. pleads not to SSS 92 CR 869 indictment. AUSA Guy Petrillo and Lorin L. Reisner and FBI Thomas G. Ruocco and Ct. Reporter Leon Zuck pres.... before Judge Miriam G. Cedarbaum. (ys) (Entered: 02/02/1996) |
| 09/27/1993 | | PLEA entered by Robin Scott Tellier, Rene Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno . Court accepts plea. Not Guilty: Robin Scott Tellier (1) count(s) 1ss, 2ss, 6ss, 7ss, 12ss, 13ss, 14ss, 15ss, 16ss, 17ss, 18ss, 19ss, 20ss, 21ss, 22ss, 23ss, 24ss, 25ss, Rene Tellier (2) count(s) 1ss, 2ss, 3ss, 4ss, 5ss, 6ss, 7ss, 8ss, 9ss, 10ss, 11ss, Roy Tellier (4) count(s) 1ss, 2ss, 16ss, 21ss, Teddy J. Moustakis (5) count(s) 1ss, 2ss, 16ss, Alphonse Rescigno (6) count(s) 1ss, 2ss, 6ss, 7ss, |

| | | |
|---|---|---|
| | | 16ss, 17ss, 18ss, Ronald Rescigno (7) count(s) 1ss, 2ss, 3ss, 4ss, 16ss, 17ss, 18ss. (ys) (Entered: 02/02/1996) |
| 09/27/1993 | | ORAL ORDER as to Robin Scott Tellier, Rene Tellier, Roy Tellier , set evidentiary hearing for 10/26/93 for Robin Scott Tellier, for Rene Tellier, for Roy Tellier , and Motion hearing set for 10:00 10/28/93 for Robin Scott Tellier, for Rene Tellier, for Roy Tellier for [108-4] motion to suppress certain tangible property and physical evidence ( Entered by Judge Miriam G. Cedarbaum ) (ys) (Entered: 02/02/1996) |
| 10/25/1993 | | Pre-trial conference as to Robin Scott Tellier, Rene Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, James Hartofilis held. Deft. Robin Tellier in custdoy of the U.S. Marshal, Atty. Barry Fallick pres. Evidentiary hrg. adj. to Oct. 26, 1993 at 10:00 a.m. Deft. Rene Tellier in custody of U.S. Marshal, Atty. Gregory Cooper by Mr. Fallick. Deft. Roy Tellier pres. w/Atty. M. Hurwitz by Mr. Fallick. Deft. Moustakis pres. w/Atty. Dana Hanna. Deft. Alfonse Rescigno pres. w/Atty. Lawrence Schoenbach. Deft. Ronald Rescigno pres. w/Atty. Lawrence Porcari. Deft. Hartofilis pres. w/Atty. Kenneth Paul. Evientiar hrg. adj. until 10/27/93 at 10:00. AUSA Guy Petrillo and Lorin Reisner and Ct. reporter: Leon Zuck pres. Status conf. set for all above efts on 10/26/93 at 2:30 to 4:00 p.m. (Judge Cedarbaum) (ys) (Entered: 10/23/1995) |
| 10/26/1993 | | Status conference as to Robin Scott Tellier, Rene Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, James Hartofilis held. Deft. Robin Tellier in custody of the U.S. Marshal, Atty. Barry Fallick pres. Deft. Rene Tellier in custody of the U.S. Marshal, Atty. Greg Cooper pres. Deft. Roy Tellier w/atty. Michael Hurwitz pres. Excused for Oct. 26, conf. Deft Moustakis w/atty. Dana Hanna pres. Deft. Alphonse Rescigno w/Atty. Lawrence Schoenbach pres. Deft. Ronald Rescigno pres. w/atty Lawrence Porcari pres. Deft. Hartofilis pres. w/atty. Kenneth Paul pres. AUSA Guy Petrillo and Lorin Reisner pres. Conf. adj. to 10/27/93 at 10:00 a.m. (Judge Cedarbaum) (ys) (Entered: 10/23/1995) |
| 10/26/1993 | | ORAL ORDER as to Robin Scott Tellier, Rene Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, James Hartofilis , set status conference for 10:00 10/27/93 for Robin Scott Tellier, for Rene Tellier, for Roy Tellier, for Teddy J. Moustakis, for Alphonse Rescigno, for Ronald Rescigno, for James Hartofilis ( Entered by Judge Miriam G. Cedarbaum ) (ys) (Entered: 10/23/1995) |
| 10/27/1993 | | Evidentiary Hearing as to Robin Scott Tellier, Rene Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, James Hartofilis held. Deft. Robin Tellier excused for today. Deft. Rene Tellier in custody of U.S. marshal, Atty. Greg Cooper pres. Hrg. scheduled for Oct. 28th. to be cont'd on Nov. 9, 1993 at 4:30 p.m. Deft. Roy Tellier pres. and Atty. Mr. Fallick not pres. Hrg. scheduled for Nov. 1, 1993 at 2:30 p.m. and Nov. 8, 1993 at 2:30 p.m. Deft. Moustakis pres. w/atty. Dana Hanna. Deft. Alphonse Rescigno pres. w/atty. Lawrence H. Schoenbach. Deft. Ronald Rescigno pres. w/atty. Lawrence A. Porcari. |

| | | |
|---|---|---|
| | | Deft. Hartofilis pres. w/atty. Kenneth Paul, AUSA Guy Petrillo and Lorin Reisner and Ct. Reporter Leon Zuck pres. Suppression statement denied. Motion to suppress paper...decision denied. I.D. Hearing set for Nov. 12th at 2:30 p.m for all defts. including Robin Tellier. (Judge Cedarbaum) (ys) (Entered: 10/23/1995) |
| 10/27/1993 | | Evidentiary Hearing as to Robin Scott Tellier, Rene Tellier, Roy Tellier, Teddy J. Moustakis, Alphonse Rescigno, Ronald Rescigno, James Hartofilis set at 2:30 11/12/93 for Robin Scott Tellier, for Rene Tellier, for Roy Tellier, for Teddy J. Moustakis, for Alphonse Rescigno, for Ronald Rescigno, for James Hartofilis (ys) (Entered: 10/23/1995) |
| 10/28/1993 | | Evidentiary Hearing as to Rene Tellier held. Deft. in custody of the U.S. marshal, Atty. Greg Cooper pres. AUSA Guy Petrillo and Lorin Reisner and Ct. Reporters Michael Damato and Ann Reagins pres. Hrg. adj. until 11/9/93 at 4:30 p.m. Motion to suppress statements denied. (Judge Cedarbaum) (ys) (Entered: 10/23/1995) |
| 10/28/1993 | | Evidentiary Hearing as to Rene Tellier set at 4:30 11/9/93 for Rene Tellier (ys) (Entered: 10/23/1995) |
| 11/09/1993 | | Evidentiary Hearing as to Rene Tellier held. Deft. in custody if the U.S. marshal, Atty. Greg Cooper, AUSA Guy Petrillo and Lorin Reisner and Ct. Reporter: Eugene Levin pres. Hrg. cont'd 11/12/93 at 11:a.m. to 1:00 p.m. (Judge Cedarbaum) (ys) (Entered: 10/23/1995) |
| 11/09/1993 | | Evidentiary Hearing as to Rene Tellier set at 11:00 11/12/93 for Rene Tellier (ys) (Entered: 10/23/1995) |
| 11/10/1993 | 140 | SUPERSEDING INDICTMENT as to Robin Scott Tellier (1) count(s) 1sss, 2sss, 6sss, 7sss, 12sss, 13sss, 14sss, 15sss, 16sss, 17sss, 18sss, 19sss, 20sss, 21sss, 22sss, 23sss, 24sss, 25sss, Rene Tellier (2) count(s) 1sss, 2sss, 3sss, 4sss, 5sss, 6sss, 7sss, 8sss, 9sss, 10sss, 11sss, Roy Tellier (4) count(s) 1sss, 2sss, 16sss, 21sss, Teddy J. Moustakis (5) count(s) 1sss, 2sss, 16sss, Alphonse Rescigno (6) count(s) 1sss, 2sss, 6sss, 7sss, 16sss, 17sss, 18sss, Ronald Rescigno (7) count(s) 1sss, 2sss, 3sss, 4sss, 16sss, 17sss, 18sss, James Hartofilis (13) count(s) 1sss, 2sss, 20sss, 21sss (ys) (Entered: 02/02/1996) |
| 11/15/1993 | | Arraignment as to Robin Scott Tellier, Rene Tellier, Roy Tellier, Teddy J. Moustakis, James Hartofilis held Robin Scott Tellier (1) count(s) 1sss, 2sss, 6sss, 7sss, 12sss, 13sss, 14sss, 15sss, 16sss, 17sss, 18sss, 19sss, 20sss, 21sss, 22sss, 23sss, 24sss, 25sss, Rene Tellier (2) count(s) 1sss, 2sss, 3sss, 4sss, 5sss, 6sss, 7sss, 8sss, 9sss, 10sss, 11sss, Roy Tellier (4) count(s) 1sss, 2sss, 16sss, 21sss, Teddy J. Moustakis (5) count(s) 1sss, 2sss, 16sss, James Hartofilis (13) count(s) 1sss, 2sss, 20sss, 21sss. Deft. Robin Tellier in custody of U.S. Marshal, Atty. Barry Fallick pres. Deft. pleads not guilty to SSSS 92 CR 869 indictment. Deft. Rene Tellier in custody of U.S. Marshal, Atty. Greg Cooper pres. Deft. pleads not guilty to SSSS 92 CR 869 indictment. Deft. Roy Tellier representing himself and also w/atty. Michael Hurwitz pres. Deft pleads not guilty to SSSS 92 CR 869 indictment. Deft. Moustakis w/atty. Dana Hanna pres. Deft. |

| | | |
|---|---|---|
| | | pleads not guilty to SSSS 92 CR 869 indictment. Deft. Hartofilis w/atty. Kenneth A. Paul pres. Deft. pleads not guilty to SSSS 92 CR 869 indictment. AUSA Guy Petrillo and Lorin L. Reisner. Paralegal Eric Hagans and Ct. Reporter: Guido Tascione pres. Proceeds to trial before Judge Cedarbaum. Jury selection begins...con'd and adj. to Nov. 16, 1993 at 9:30 a.m.... before Judge Miriam G. Cedarbaum (ys) (Entered: 02/05/1996) |
| 11/15/1993 | | PLEA entered by Robin Scott Tellier, Rene Tellier, Roy Tellier, Teddy J. Moustakis, James Hartofilis . Court accepts plea. Not Guilty: Robin Scott Tellier (1) count(s) 1sss, 2sss, 6sss, 7sss, 12sss, 13sss, 14sss, 15sss, 16sss, 17sss, 18sss, 19sss, 20sss, 21sss, 22sss, 23sss, 24sss, 25sss, Rene Tellier (2) count(s) 1sss, 2sss, 3sss, 4sss, 5sss, 6sss, 7sss, 8sss, 9sss, 10sss, 11sss, Roy Tellier (4) count(s) 1sss, 2sss, 16sss, 21sss, Teddy J. Moustakis (5) count(s) 1sss, 2sss, 16sss, James Hartofilis (13) count(s) 1sss, 2sss, 20sss, 21sss (ys) (Entered: 02/05/1996) |
| 11/15/1993 | | Voir dire begun as to Robin Scott Tellier (1) count(s) 1sss, 1ss, 1s, 1, 2sss, 2ss, 2s, 2, 6sss, 6ss, 6s, 6, 7sss, 7ss, 7s, 7, 11s, 11, 12sss, 12ss, 12s, 12, 13sss, 13ss, 13s, 13, 14sss, 14ss, 14s, 14, 15sss, 15ss, 15s, 15, 16sss, 16ss, 16s, 16, 17sss, 17ss, 17s, 17, 18sss, 18ss, 18s, 18, 19sss, 19ss, 19s, 19, 20sss, 20ss, 20s, 20, 21sss, 21ss, 21s, 21, 22sss, 22ss, 23sss, 23ss, 24sss, 24ss, 25sss, 25ss, Rene Tellier (2) count(s) 1sss, 1ss, 1s, 1, 2sss, 2ss, 2s, 2, 3sss, 3ss, 3s, 3, 4sss, 4ss, 4s, 4, 5sss, 5ss, 5s, 5, 6sss, 6ss, 6s, 6, 7sss, 7ss, 7s, 7, 8sss, 8ss, 8s, 8, 9sss, 9ss, 9s, 9, 10sss, 10ss, 10s, 10, 11sss, 11ss, Roy Tellier (4) count(s) 1sss, 1ss, 1s, 1, 2sss, 2ss, 2s, 2, 16sss, 16ss, 21sss, 21ss, Teddy J. Moustakis (5) count(s) 1sss, 1ss, 1s, 1, 2sss, 2ss, 2s, 2, 16sss, 16ss, James Hartofilis (13) count(s) 1sss, 1ss, 1s, 1, 2sss, 2ss, 2s, 2, 17s, 17, 20sss, 20ss, 21sss, 21ss. (ys) (Entered: 02/05/1996) |
| 11/15/1993 | | Jury trial as to Robin Scott Tellier, Rene Tellier, Roy Tellier, Teddy J. Moustakis, James Hartofilis begun. (ys) (Entered: 02/05/1996) |
| 11/15/1993 | | Jury trial as to Robin Scott Tellier, Rene Tellier, Roy Tellier, Teddy J. Moustakis, James Hartofilis continued to 9:30 11/16/93 for Robin Scott Tellier, for Rene Tellier, for Roy Tellier, for Teddy J. Moustakis, for James Hartofilis (ys) (Entered: 02/05/1996) |
| 11/16/1993 | | Jury selection as to Robin Scott Tellier, Rene Tellier, Roy Tellier, Teddy J. Moustakis, James Hartofilis held (ys) (Entered: 10/24/1995) |
| 11/16/1993 | | Jury trial as to Robin Scott Tellier, Rene Tellier, Roy Tellier, Teddy J. Moustakis, James Hartofilis held (ys) (Entered: 10/24/1995) |
| 11/16/1993 | | Jury selection as to Robin Scott Tellier, Rene Tellier, Roy Tellier, Teddy J. Moustakis, James Hartofilis continued (ys) (Entered: 10/24/1995) |
| 11/16/1993 | | Jury trial as to Robin Scott Tellier, Rene Tellier, Roy Tellier, Teddy J. Moustakis, James Hartofilis continued to 11:00 11/17/93 for Robin Scott Tellier, for Rene Tellier, for Roy Tellier, for Teddy J. Moustakis, for James Hartofilis (ys) (Entered: 10/24/1995) |
| | | |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA            :

    - v -                              :

ROBIN SCOTT TELLIER,                :
    a/k/a "Robert Post,"
    a/k/a "Robert Bellino,"          :
RENE TELLIER,                             **INDICTMENT**
    a/k/a "Vincent Bailey,"          :
    a/k/a "Jim Hart,"                   S4 92 Cr. 869 (MGC)
ROY TELLIER, and                    :
TEDDY MOUSTAKIS,
                                    :

           Defendants.

- - - - - - - - - - - - - - - - - -X

### COUNT ONE

    The Grand Jury charges:

    At all times relevant to this Indictment:

### Introduction

    1.   The defendants ROBIN SCOTT TELLIER, a/k/a "Robert Post," a/k/a "Robert Bellino," RENE TELLIER, a/k/a "Vincent Bailey," a/k/a "Jim Hart," ROY TELLIER, and TEDDY MOUSTAKIS, along with Alphonse Rescigno, Ronald Rescigno, Russell Tellier, Richard Lawlor, Michael Ladagana, Timothy Burns, Robert Bugliaro, a/k/a "Moe," Michael Bugliaro, a/k/a "Moe," Pasquale Curatolo, a/k/a "Patsy," and James Hartofilis, a/k/a "Zeek," coconspirators of the defendants, not named as defendants herein, and John Seychel, Earl Gallo, James Ladagana, and James Ryan, who are all deceased, and other persons not named herein, were members of an organization (the "TELLIER Organization") which engaged in murder and other acts of violence, narcotics trafficking, robbery, burglary, dealing in stolen property and arson.   The TELLIER Organization committed

Exhibit 4

a court of the United States, to wit, the offense charged in Count Twenty, did unlawfully, wilfully and knowingly use and carry a firearm, to wit, a handgun.

(Title 18, United States Code, Sections 2 and 924(c)(1).)


_____/s/_____
FOREPERSON

_____/s/_____
MARY JO WHITE
United States Attorney

52

tf

UNITED STATES GRAND JURY
SOUTHERN DISTRICT OF NEW YORK
------------------------------x

UNITED STATES OF AMERICA

        v.                  April '91 Add'l

ROBIN TELLIER

------------------------------x

                       U.S. Courthouse
                       Foley Square
                       New York, N.Y.

                       July 1, 1992
                       2:20 p.m.

APPEARANCES

PAUL GARDEPHE,
    Assistant United States Attorney

THOMAS FERNICOLA
    Acting Grand Jury Reporter

# 3564 D

SOUTHERN DISTRICT REPORTERS 212-791-1020

Exhibit 5

```
 1    tf                  D'Angelo - 7/1/92                2

 2                         (Colloquy)

 3                         (Witness enters 2:25 p.m.)

 4    W I L L I A M   D ' A N G E L O ,

 5         called as a witness, having been duly sworn by the

 6         foreperson, testified as follows:

 7    BY MR. GARDEPHE:

 8         Q.    Mr. D'Angelo, could you state and spell your

 9    last name for the record?

10         A.    William D'Angelo, D'-A-N-G-E-L-O.

11         Q.    Mr. D'Angelo, you are appearing before the

12    April 1991 Grand Jury which is investigating possible

13    racketeering violations committed by yourself, Robin

14    Tellier, Rene Tellier, their brothers and their

15    associates.  At this time I want to inform you of your

16    constitutional rights.

17                    Under the Fifth Amendment of the constitution

18    you have a right not to answer a question if you believe

19    that your answer to that question would tend to

20    incriminate you.  Do you understand that?

21         A.    Yes.

22         Q.    If you answer any questions, the answers

23    which you give can be used against you in a court of law

24    or in other proceedings.  Do you understand that?

25         A.    Yes.
```

SOUTHERN DISTRICT REPORTERS 212-791-1020

tf                          D'Angelo – 7/1/92                          3

1

2       Q.     If you decide to answer questions which are

3   asked of you, you can afterwards stop answering

4   questions at any time and invoke your privilege against

5   self-incrimination.  Do you understand that?

6       A.     Yes.

7       Q.     You have a right to consult with a lawyer of

8   your choice before answering any questions here today.

9   Do you understand that?

10      A.     Yes.

11      Q.     If you are unable to afford a lawyer, one

12  will be appointed to represent you and you may consult

13  with that lawyer before answering any questions here

14  today.  Do you understand that?

15      A.     Yes.

16      Q.     Have you consulted with a lawyer before your

17  appearance here today?

18      A.     Yes.

19      Q.     What is his name for the record?

20      A.     David Levin.

21      Q.     Mr. D'Angelo, you are under oath; that means

22  that you've sworn to tell the truth to the Grand Jury.

23  If you make any knowing misstatement of a material fact

24  to the Grand Jury, you could be charged with a federal

25  crime, including perjury and obstruction of justice

SOUTHERN DISTRICT REPORTERS 212-791-1020

```
 1   tf                D'Angelo - 7/1/92                50
```

 2        Q.    A variety of stores?

 3        A.    Yes.

 4              MR. GARDEPHE:  Ladies and gentlemen, I have

 5    no further questions for Mr. D'Angelo today.

 6              With the foreperson's permission, I'd ask

 7    that he be excused.

 8              THE FOREPERSON:  You may be excused.

 9              (Witness excused 3:25 p.m.)

10              (Colloquy)

11              (Witness enters 3:26 p.m.)

12              THE FOREPERSON:  Mr. D'Angelo, you're still

13    under oath.

14        Q.    Mr. D'Angelo, you recall your testimony about

15    your period of time in the Marine Corps?

16        A.    Yes.

17        Q.    Do you remember what type of discharge it was

18    that you got when you left the military?

19        A.    It was under medical conditions but they

20    didn't -- they wasn't giving medical discharges out any

21    more.  They phased that out.  They gave me Other than

22    Honorable.

23        Q.    Other than Honorable?

24        A.    Yes.

25        Q.    I think I have no further questions for you

                 SOUTHERN DISTRICT REPORTERS 212-791-1020

```
1    tf                    D'Angelo - 7/1/92                  51

2    at this time.

3                   MR. GARDEPHE:  Again, I ask that you be

4    excused.

5                   THE FOREPERSON:  He may be excused.

6                   (Witness excused 3:26 p.m.)

7                   (Colloquy)

8                   (Time noted 3:26 p.m.)

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

# Large Flat Rate Box

**For Domestic and International Use**

*Visit us at usps.com*

**INTERNATIONAL RESTRICTIONS APPLY:**

**20-POUND WEIGHT LIMIT
ON INTERNATIONAL APPLIES**

**Customs forms are required.
Consult the *International Mail Manual* (IMM)
at pe.usps.gov or ask a retail associate
for details.**

**From: Expéditeur:**

RENE TELLIER #32515 US4
USP Allenwood
Box 3000
White Deer PA 17887

**To: Destinataire:**

◇ 32515-054 ◇

Clerk Us District Court
235 N Washington AVE
Middle District PA
Scranton, PA - 18503
United States

**Country of Destination: Pays de destination:**

RECEIVED
PER

OCT 21 2010

DEPUTY CLERK