# MANDATE

S.D.N.Y.-N.Y.C.
10-cv-9209
Cedarbaum, J.

## United States Court of Appeals
FOR THE
SECOND CIRCUIT

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 16th day of March, two thousand eleven,

Present:
    Richard C. Wesley,
    Denny Chin,
    Raymond J. Lohier, Jr.,
        *Circuit Judges*.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _May 25, 2011_

Rene Tellier,

        *Petitioner,*

    v.                      10-5269-op

R. Martinez, Warden,

        *Respondent*.

Petitioner, *pro se*, requests an order authorizing the United States District Court for the Southern District of New York to consider a second or successive 28 U.S.C. § 2255 motion. Petitioner also moves for reconsideration of the order of the United States District Court for the Middle District of Pennsylvania transferring his 28 U.S.C. § 2241 petition to the Southern District of New York, which we construe as a motion to remand. Upon due consideration, it is hereby ORDERED that the motion to remand is DENIED because the district court properly transferred the motion to this Court, pursuant to *Liriano v. United States*, 95 F.3d 119, 123 (2d Cir. 1996), after correctly construing it as a successive § 2255 motion.

SAO-JB

**MANDATE ISSUED ON 05/25/2011**

It is further ORDERED that the successive application is DENIED because Petitioner has not satisfied the criteria set forth in 28 U.S.C. § 2255(h).  Petitioner has not demonstrated that any of his claims are based on a new rule of constitutional law made retroactive by the Supreme Court. *See* 28 U.S.C. § 2255(h)(2).  Additionally, assuming that any of the documents submitted in support of Petitioner's application can be considered "newly discovered evidence," Petitioner has failed to show that such evidence "would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found [Petitioner] guilty of the offense." *See* 28 U.S.C. § 2255(h)(1).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit

2